**Angelica MARTINEZ Martinez,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 03–73510.

United States Court of Appeals,
Ninth Circuit.

Argued & Submission Deferred
Dec. 8, 2005.

Submitted Feb. 7, 2006.

Decided Feb. 9, 2006.

Rachael G. Samberg, Esq., Fenwick & West, LLP, San Francisco, CA, Tanya Herrera, Esq., Tyler A. Baker, Esq., Fenwick & West, LLP, Mountain View, CA, for Petitioner.

Angelica Martinez Martinez, Las Vegas, NV, pro se.

NVL-District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, Esq., U.S. Department of Justice,

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI, KOZINSKI and SILVERMAN, Circuit Judges.

## MEMORANDUM *

■ 1. The government argues that 8 U.S.C. § 1252(a)(2)(B)(ii) deprives us of jurisdiction to review the IJ's denial of Martinez's request for a continuance to apply for adjustment of status. But this provision only bars our jurisdiction if a statute explicitly gives the Attorney General discretion over the decision at issue. *See id.; Medina–Morales v. Ashcroft*, 371 F.3d 520, 528 (9th Cir.2004). The IJ's discretionary authority to deny Martinez's motion for a continuance—authority derived, as the government argues, from its "inherent power" as an adjudicator and from INA regulations—is thus insufficient to deprive us of jurisdiction over Martinez's claim.

■ 2. Martinez's claim that, under 8 C.F.R. § 1240.49(a), the IJ was required to inform her of her eligibility to apply for adjustment of status was not raised below and is thus unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004). Martinez did, however, raise her claim that the IJ was required by the same regulations to afford her an opportunity to apply for adjustment of status. But exhaustion aside, 8 C.F.R. § 1240.49(a) is inapplicable and both of Martinez's claims fail because she was not apparently eligible for adjustment of status at the time of the hearing in front of the IJ. She had not been "inspected and admitted or paroled into the United States," 8 U.S.C. § 1255(a); an immigrant visa was not "immediately available" to her, *id.* § 1255(a), (i)(2)(B); and she was not the "beneficiary" of an 1–130 petition, *id.* § 1255(i)(1)(B).

3. Although we have previously discussed factors an IJ *might* consider when deciding whether to grant a continuance, *see Baires v. INS*, 856 F.2d 89, 91–93 (9th Cir.1988), we have not, as Martinez argues, set forth a list of factors an IJ *must* consider in all cases. To the contrary, we have held that the decision whether to grant a continuance "cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." *Id.* at 91. The IJ did not abuse its discretion by denying Martinez a continuance. *See Barapind v. Reno*, 225 F.3d 1100, 1113 (9th Cir.2000).

4. The BIA did not err by affirming the IJ's decision without an opinion. *See Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003).

PETITION DENIED. Martinez's request for judicial notice is also DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.